IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARRY MORRIS,

       Plaintiff,

vs.                                                    Case No. 17–cv–0456–DRH

JOHN BALDWIN,
JACQUELINE LASHBROOK,
FRANK LAWRENCE,
H. HAWKINS,
GAIL WALLS,
BOBBY HUGHES, and
CINDY MEYER,

       Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       Plaintiff Barry Morris, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 5). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

       (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
       (b) **Grounds for Dismissal** – On review, the court shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 5), Plaintiff makes the following allegations: before Plaintiff's incarceration, he had surgery on his right arm. (Doc. 5, p. 2). Plaintiff went to physical therapy for a year to regain motion in his arm, but it is still partially paralyzed and sensitive to the touch. (Doc 1, p. 3). Plaintiff was incarcerated as early as 2006, but he did not experience box and chain restraints until 2012. *Id.* Because of the great deal of pain the box and chain restraints

2

caused Plaintiff, he sought a medical permit from the Stateville medical director that would exempt him from the box and chain restraints in favor of medical restraints and/or waist chains. *Id.* Stateville's medical director granted the permit without issue, and a new medical restraints permit has been issued to Plaintiff every year since. *Id.*

Plaintiff was transferred to Menard from Stateville on August 31, 2016. (Doc. 5, p. 2). On October 31, 2016, Plaintiff showed Dr. Siddiqui his previous medical permits from Stateville, and explained his medical condition and history to him. *Id.* Dr. Siddiqui issued Plaintiff a comparable medical restraints permit for Menard on October 31. (Doc. 5, p. 3). On February 27, 2017, Plaintiff went out on his first medical writ, and his waist chains and/or medical restraints permit was not honored, allegedly because the medical permit was not issued by the medical director, Dr. Trost. *Id.* Plaintiff was subjected to the box and chain setup, and was in pain because of it for approximately three hours. *Id.*

Plaintiff saw Dr. Trost on March 13, 2017, and was issued a medical permit allowing Plaintiff waist chains and/or medical restraints among other medical accommodations. *Id.* On March 23, 2017, Plaintiff had another medical writ, so he showed the permit from Dr. Trost to the writ officers in order to avoid placement in the box and chain setup. (Doc. 5, p. 4). The writ officers told Plaintiff that the administration would not honor his permit. *Id.* Plaintiff was scheduled for an MRI, so he went on the medical writ without the benefit of waist chains and/or medical restraints, and he suffered in pain for another three or

more hours. *Id.*

The next day,[1] Plaintiff had another medical writ but refused to go unless he was placed in the proper, approved restraints. *Id.* Plaintiff was told by a corrections officer that the waist chains and medical restraints would not be allowed, but that the officer, a major, would make sure Plaintiff could put his hands any way he wanted and the handcuffs would not be as tight as before. *Id.* Plaintiff agreed to these terms, but blood flow was still interrupted and his hand and arm became numb, his middle finger curled up, and he endured pain and suffering for another three or more hours. *Id.*

Plaintiff filed an emergency grievance on March 29, 2017 to Defendant Warden Lashbrook regarding the situation. *Id.* On April 5, 2017, Plaintiff sent a letter to Defendant ADA Warden Lawrence concerning the issue. (Doc. 5, p. 5). Plaintiff also wrote to several other individuals during this timeframe in an attempt to resolve the issue, including Defendant John Baldwin on April 12, 2017. *Id.* Plaintiff requested a status update from Lashbrook on April 13, 2017 because he feared his upcoming court writ to Joliet, Illinois in the box and chain would further damage his right arm and hand and would cause ongoing pain throughout the writ. *Id.* Because Lashbrook would not answer his grievance, Plaintiff sent a cover sheet with his March 29, 2017 emergency grievance to Defendant Meyer on April 19, 2017, concerning his need for waist chains and/or

---

[1] Plaintiff indicates that the next day was "February 24, 2017," but given the context in that the previous day was stated to be March 23, 2017, the Court assumes this was a typographical error, and Plaintiff intended to write "March 24, 2017."

4

medical restraints during his upcoming court writ to Joliet. *Id.* Meyer has not answered the grievance. *Id.*

On April 25, 2017, Plaintiff sent a letter to Defendant Hawkins, explaining his situation and the risk of serious damage to his arm if he is forced to go to Joliet in the box and chain setup. *Id.* Plaintiff sent a similar letter to Defendants Hughes and Walls on April 27, 2017, explaining that irreparable harm will befall his right arm and hand if his medical permit is not honored. (Doc. 5, pp. 5-6). On April 27, 2017, Plaintiff also filed another grievance with Meyer in response to his being taken out on another medical writ that day and being forced to use the box and chain setup. (Doc. 5, p. 6). Because his medical permit was not honored, Plaintiff's finger curled into a ball, and the pain was so intense it brought him to tears. *Id.* Plaintiff made a verbal complaint to the nurse and the mental health staff, and is scheduled to see mental health and the medical doctor. *Id.*

Plaintiff is scheduled for a court writ in Joliet, Illinois on May 12, 2017. (Doc. 5, p. 7). He has alleged that there is a strong possibility that he will have to leave from Menard for more medical and court writs in the near future and that if he does not get the proper restraints, he will be subjected to ongoing pain and suffering due to the box and chain setup. *Id.* Plaintiff seeks a temporary restraining order and preliminary injunction that would direct the defendants and the Illinois Department of Corrections to use medical restraints and/or a waist chain on Plaintiff when he has a court or medical writ and to follow the medical

5

protocols recommended by Dr. Trost and the other doctors at Menard. (Doc. 5, p. 8). Plaintiff also seeks monetary damages from the defendants. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need for medical restraints and/or waist chains, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold.

## Count 1 – Medical Needs

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is

6

a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Court finds that the pain stemming from Plaintiff's arm injury described in the Complaint satisfies the objective component of Count 1 for screening purposes. Plaintiff has also satisfied the subjective component with respect to each of the defendants. According to the Complaint, each of the defendants failed to respond to Plaintiff's detailed letters and grievances about staff not adhering to his medical restraints permit, despite being informed of his need for medical restraints and/or waist chains. Plaintiff has alleged that the defendants ignored or failed to adequately address his needs despite this knowledge, which at this stage, is sufficient to state a claim against them. *Perez v. Fenoglio,* 792 F.3d 768, 781-82 (7th Cir. 2015) ("An inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation.") (citation omitted).

The allegations in the Complaint support a claim of deliberate indifference under Count 1 against each defendant and will not be dismissed at this stage.

## Pending Motions

In the Complaint (Doc. 5), Plaintiff requests injunctive relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. A Motion for Temporary Restraining Order/Injunction (Doc. 1) was therefore included as a separate docket entry in CM/ECF, along with a copy of the Complaint. This Motion (Doc. 1) shall

a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Court finds that the pain stemming from Plaintiff's arm injury described in the Complaint satisfies the objective component of Count 1 for screening purposes. Plaintiff has also satisfied the subjective component with respect to each of the defendants. According to the Complaint, each of the defendants failed to respond to Plaintiff's detailed letters and grievances about staff not adhering to his medical restraints permit, despite being informed of his need for medical restraints and/or waist chains. Plaintiff has alleged that the defendants ignored or failed to adequately address his needs despite this knowledge, which at this stage, is sufficient to state a claim against them. *Perez v. Fenoglio,* 792 F.3d 768, 781-82 (7th Cir. 2015) ("An inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation.") (citation omitted).

The allegations in the Complaint support a claim of deliberate indifference under Count 1 against each defendant and will not be dismissed at this stage.

## Pending Motions

In the Complaint (Doc. 5), Plaintiff requests injunctive relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. A Motion for Temporary Restraining Order/Injunction (Doc. 1) was therefore included as a separate docket entry in CM/ECF, along with a copy of the Complaint. This Motion (Doc. 1) shall

be **REFERRED** to a United States Magistrate Judge for prompt disposition.

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and a Motion to Withhold Filing Fee Until the Above Captioned Case is Closed (Doc. 3), which will be addressed in a separate order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall proceed against Defendants **BALDWIN, LASHBROOK, LAWRENCE, HAWKINS, WALLS**, **HUGHES**, and **MEYER**.

Plaintiff's Motion for Temporary Restraining Order/Injunction (Doc. 1) is **REFERRED** to a United States Magistrate Judge, who shall resolve the request for a temporary retaining order and preliminary injunction as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the Complaint are also hereby **REFERRED** to the United States Magistrate Judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take appropriate steps in coordination with the U.S. Marshals Service, to effect formal, **PERSONAL SERVICE** of summons, the Complaint, and this Order upon each Defendant at his or her work address, as provided by Plaintiff. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for a temporary restraining order and preliminary injunction.

The United States Marshals Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure 4(e) to effect service. The Clerk is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BALDWIN, LASHBROOK, LAWRENCE, HAWKINS, WALLS**, **HUGHES**, and **MEYER.** The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the Complaint (Doc. 5), which contains the motion for a temporary restraining order and preliminary injunction, and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshals Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, on or before May 18, 2017, the United States Marshals Service **SHALL PERSONALLY SERVE** upon Defendants **BALDWIN, LASHBROOK, LAWRENCE, HAWKINS, WALLS**, **HUGHES**, and **MEYER,** the service packets containing the summons, form USM-285, a copy of the Complaint (Doc. 5), which contains the motion for a temporary restraining order and preliminary injunction, and this Memorandum and Order. **LEAVING THE SUMMONS WITH THE PRISON'S LITIGATION COORDINATOR IS NOT SUFFICIENT – each Defendant must be personally served**. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In order to assist the Court in its resolution of the motion for temporary restraining order and preliminary injunctive relief (contained within the Complaint), Defendants **BALDWIN, LASHBROOK, LAWRENCE, HAWKINS, WALLS**, **HUGHES**, and **MEYER SHALL FILE A RESPONSE** to the motion within the deadline set by the United States Magistrate Judge to whom this case is referred.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition,

pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 5, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.05 09:52:23 -05'00'

**United States District Judge**