IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BARRY MORRIS,**

**Plaintiff,**

**v.**

**JOHN BALDWIN, et al.,**             No. 17-cv-0456-DRH

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction

Pending before the Court is an August 22, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 61). The Report recommends the Court deny Morris's motion for entry of default judgment (Doc. 36); vacate the Clerk's entry of default (Doc. 35) and grant defendants leave to file their answer instanter.  The parties were allowed time to file objections.  On August 30, 2018, Morris filed an objection to the Report (Doc. 62). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

## Background

On May 2, 2017, Morris, an inmate housed at the Menard Correctional Center, filed suit against John Baldwin, Jacqueline Lashbrook, Frank Lawrence, H. Hawkins, Gail Walls, Bobby Hughes and Cindy Meyer for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 5).[1] Morris claims that defendants have been deliberately indifferent to his serious medical issues and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. On May 5, 2017, the Court conducted its preliminary review of Morris' complaint pursuant to 28 U.S.C. § 191A and designated Morris' complaint into a single count – "Defendants showed deliberate indifference to Plaintiff's serious need for medical restraints and/or waist chain, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment (Doc. 7).

On May 11, 2017, the Court granted in part Morris' motion for TRO/injunction (Doc. 16). Thereafter, defendants were served and their answers were due on June 5, 2017. On February 6, 2018, defendants filed a motion for leave to file answer instanter (Doc. 30) and on February 15, 2018, Morris filed a motion for default and/or default judgment (Doc. 32). Magistrate Judge Daly denied defendants' motion for leave and granted in part and denied in part plaintiffs' motion for default judgment (Doc. 34). Further, Magistrate Daly directed the Clerk of the Court to make an entry of default against defendants (Doc. 34). On February 22, 2018, Morris filed a motion for default judgment

---

[1] Morris' complaint and motion for temporary restraining order/injunction are the same document (Docs. 1 & 5).

(Doc. 36).

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected to portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Default judgment occurs through a two-step process: (1) entry of default; and (2) entry of a default judgment. *See* FED. R. CIV. P. 55(a), (b). Upon entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l Inc. v. Ill. Trading Co.*, 811

F.3d 247, 255 (7th Cir. 2016) (citation and internal quotation marks omitted). Once a default is entered, "[t]he defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)." *Id.* However, the Court still must determine the appropriate amount of damages, which must be pleaded and proved by the plaintiff in a motion for default judgment. *See id.*

FEDERAL RULE OF CIVIL PROCEDURE 55(c) provides that "[f]or good cause shown the court may set aside an entry of default ..." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. *Cracco*, 559 F.3d at 631; *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). Default judgments are generally disfavored as a trial on the merits is preferred. *Id.* at 631. The decision to vacate a default is committed to the Court's sound discretion. *Id.* at 630.

As highlighted in the Report,

> Here, the Court finds that Defendants have shown good cause for their default. Defendants explain that their failure to file an answer was due to issues concerning the Illinois Attorney General's Office, rather than their own failure to actively litigate this case. Moreover, Defendants point to their efforts to litigate this case at its inception, particularly their involvement in the hearing on Plaintiff's motion for TRO. Defendants further explain that their counsel made efforts to discuss settlement with Plaintiff and ensure the TRO was being followed.

> Defendants have also acted quickly in seeking to correct their mistake, filing a motion for extension of time to answer shortly after they realized their error and current counsel entered his notice of appearance in this case (although the Court notes their motion was denied due to their failure to evidence excusable neglect in that motion). Finally, the Court agrees with Defendants that entering default judgment would not only undermine the notion that cases should be decided on the merits, but would also undermine Plaintiff's aim for relief. Because Defendants have not yet filed a reply to Plaintiff's complaint, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), dictates that the Court cannot grant relief. Accordingly, entering default judgment at this juncture would not serve the interests of justice.

(Doc. 61, p. 4).

Here, the Court rejects Morris's objections as Morris merely takes umbrage with the Reports' conclusions. The Court finds that the reasoning employed by Magistrate Judge Daly in her Report is warranted and appropriate under the circumstances of this case.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 61). The Court **DENIES** Morris's motion for default judgment (Doc. 36), **VACATES** the Clerk's entry of default (Doc. 35) and **GRANTS** defendants leave to file an answer *instanter*.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.30
14:08:40 -05'00'

United States District Judge